UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,    :
              :
   v.          :  **ORDER**
              :  17-CR-306 (WFK)
LARRY PAGETT,      :
              :
     Defendant.   :
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

Defendant Larry Pagett, proceeding *pro se*, moves to vacate his conviction under 28

U.S.C. § 2255. ECF No. 128.

On October 24, 2018, a unanimous jury convicted Defendant of murder-in-aid-of-

racketeering in violation of 18 U.S.C. § 1959(a)(1). *See* Minute Entry for Jury Trial as to Larry

Pagett dated October 24, 2018. On March 8, 2019, Defendant moved for a judgment of acquittal

and, in the alternative, a new trial pursuant to Federal Rules of Criminal Procedure 29 and 33.

ECF No. 95. On November 8, 2019, the Court entered a decision and order denying Defendant's

motions. ECF No. 103. On June 24, 2021, the Court sentenced Defendant to life imprisonment

followed by five years' supervised release. ECF Nos. 121–22. On June 29, 2022, the United

States Court of Appeals for the Second Circuit entered a summary order affirming Defendant's

conviction. ECF No. 127.

Defendant now seeks to vacate his conviction for ineffective assistance of trial and

appellate counsel. *See* ECF No. 132. "[A]n ineffective-assistance-of-counsel claim may be

brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised

the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To state a

claim for ineffective assistance of counsel, Defendant must show: "(1) that counsel's

representation fell below an objective standard of reasonableness, and (2) that [Defendant] suffered prejudice as a result of the deficient representation." *Stephen Locurto v. United States of America*, 10-CV-4589, 2025 WL 1086178, at *4 (E.D.N.Y. Apr. 10, 2025) (Garaufis, J.) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)) (internal quotation marks omitted). "The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001). "Even serious errors by counsel do not warrant granting habeas relief where the conviction is supported by overwhelming evidence of guilt." *Id.* at 204.

Defendant's conviction is supported by such "overwhelming evidence of guilt." And his claims of error by counsel are unfounded. Defendant challenges strategic decisions made by trial counsel. But "a petitioner cannot prevail on a claim of ineffective assistance of counsel merely because he disagrees with his counsel's strategy." *Singleton v. Duncan*, 03-CV-561, 2006 WL 73734, at *14 (E.D.N.Y. Jan. 10, 2006) (Ross, J.) (citing *Jones v. Barnes,* 463 U.S. 745, 752 (1983)). Defendant claims appellate counsel failed to communicate with him. But his assertion is vitiated by the record. *See* ECF No. 141-1, Ex. A (emails between Defendant and appellate counsel).

For these and other reasons provided in the Government's opposition to Defendant's motion, *see* ECF No. 141, the Court DENIES Defendant's motion to vacate. The Court does not issue a certificate of appealability under 28 U.S.C. § 2253(c).

SO ORDERED.

**s/ WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2025
        Brooklyn, New York